[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this civil action, the plaintiff Richard Pechinski, the father of Daniela Pechinski, has brought an action against his former wife Maryann Pechinski, who is the mother of Daniela, for personal injuries suffered by Daniela when the defendant's dog bit Daniela. The defendant has moved to dismiss the action alleging that, as the sole custodial parent of Daniela, she and she alone can act for her minor daughter Daniela in commencing or maintaining litigation. The parties do not dispute that after dissolving the marriage of the parties, the court awarded the mother sole custody of Daniela.
The court (Licari, J.) appointed a guardian ad litem for the minor plaintiff in this matter, and a briefing schedule was put in place for memoranda of law on the issue of whether the non-custodial parent could commence an action in the name of the minor child against the custodial parent for personal injuries.[1]
The question of whether there may ever exist a situation in which the non-custodial parent may commence or maintain an action against the custodial parent on behalf of the minor child is one of first impression. Were the court to follow the routine course of motion practice, the court would engage in a lengthy analysis of the issue of standing and decide who has standing to proceed for a minor when the parents compete for next friend status, particularly where the interests of the custodial parent may be adverse to those of the minor child. Fortunately the guardian ad litem[2] has pointed out in his "letter" memorandum that CT Page 7459 regardless of who has standing to maintain an action on behalf of a minor child, in this action the defendant mother is immune from suit under the doctrine of parental immunity. Squeglia v.Squeglia, 234 Conn. 259 (1995). Thereafter the court heard oral argument and put the parties on notice that the court might strike the counts against the defendant mother because of parental immunity.
Therefore the court takes the following action:
1) Treating the Motion to Dismiss as a Motion to Strike Counts 1 and 2 of the Complaint dated March 21, 1996, the court strikes those counts, and hereby enters judgment against the plaintiff Richard Pechinski, PPA Daniela Pechinski, on those counts, pursuant to Conn. Practice Book § 157.
2) The court, sua sponte, substitutes Maryann Pechinski as guardian ad litem for Daniela Pechinski on counts 3 and 4 of the complaint. Should she choose to withdraw the action against the remaining defendant Claire Bernardo, the court approves such action and the entire matter will have been disposed of. Should she choose, however, to prosecute the action against the defendant Claire Bernardo, she is ordered to file a substitute complaint within thirty days or the matter will be dismissed for failure to prosecute.
The clerk will send a copy of this entire memorandum and order to the parties through counsel and to Richard Kent, formerly guardian ad litem, forthwith.
Pittman, Judge